## Richmond

SUN OIL COMPANY v. DALE LYNN LAWRENCE.

March 5, 1973.

Record No. 8077.

Present, All the Justices.

*Norman K. Moon* (*Edmunds, Williams, Robertson, Sackett, Baldwin & Graves,* on brief), for appellant.

*Robert L. Dolbeare* (*Obenshain, Hinnant & Dolbeare,* on brief) for appellee.

Per Curiam.

Sun Oil Company (Sun Oil) appeals from the decision of the Industrial Commission of Virginia awarding Dale Lynn Lawrence compensation for injuries, together with attorney's fees and costs. The Commission found that Lawrence injured his right ring finger on October 2, 1970, during the course of his employment with Joe

Wills, lessee and operator of a "Sunoco" service station in Lynchburg, and that under Code § 65.1-29[1] Sun Oil was Lawrence's statutory employer and hence liable for the payment of workmen's compensation benefits.

Sun Oil contends here, as it contended in the Industrial Commission, that it was not Lawrence's statutory employer under § 65.1-29 and that it was not liable for attorney's fees and costs under § 65.1-101.

■ The evidence reveals, among other things, that Joe Wills subleased a service station from Sun Oil and was an independent retail dealer in petroleum products, and not an employee or agent of Sun Oil. Pursuant to a dealer's agreement and a written lease, Wills operated the station under his own name as proprietor but displayed the "Sunoco" trade name. He had full authority to hire and fire employees, set their pay and control their work. He was required to sell Sun Oil's petroleum products, but could sell competing brands and accessories. According to Sun Oil's district manager, title to its products passed to Wills upon delivery. Sun Oil was not entitled to any part of the revenue received from services, such as towing, washing and greasing cars, or changing spark plugs. Its profit was made at the time of sale to Wills and not when Wills later sold its products. Wills took advantage of Sun Oil's advertisements and credit cards, and he paid rent based on the amount of "Sunoco" gasoline he sold.

Sun Oil had approximately 255 service stations operated by dealer-lessees, such as Wills, in Virginia on October 2, 1970, the date of Lawrence's injury. However, Sun Oil also had four similar stations it operated in Virginia through its own employees at that time.

*Shell Oil Company* v. *Leftwich*, 212 Va. 715, 187 S.E.2d 162 (1970), involved the question of whether claimants, who were employed by Shell Oil's dealer-lessee, were statutory employees of Shell Oil under § 65.1-29 at the time of the injury. Shell Oil had approximately 140 service stations leased to dealer operators in the Richmond District of Virginia. On one occasion Shell Oil had operated a station with its own employees on an interim basis. The In-

---

[1] "§ 65.1-29. Liability of owner to workmen of subcontractors.—When any person (in this section and §§ 65.1-31 and 65.1-32 referred to as 'owner') undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section and §§ 65.1-31 to 65.1-34 referred to as 'subcontractor') for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if the workman had been immediately employed by him."

dustrial Commission awarded compensation, holding that the claimants were statutory employees of Shell Oil. In reversing the awards, we said:

"Our conclusion is that while the sale of gasoline was indispensable to Shell's business, such sale to the consumer public was an activity which Shell did not *normally* carry on through its employees—and that this determines its liability under Code § 65.1-29." (Italics supplied.) 212 Va. at 724, 187 S.E.2d at 168.

In the case at bar, the critical test to be applied is whether Sun Oil *normally* retailed petroleum products and offered automotive services through its own employees. The four Sun Oil operated service stations constituted less than 2% of all "Sunoco" service stations in Virginia. Under these facts, we find that Sun Oil was not *normally* in the business of retailing petroleum products and performing automotive services and, therefore, that Lawrence was not the statutory employee of Sun Oil.

It follows that the Commission erred in directing Sun Oil to pay Lawrence's attorney fees and the costs expended in prosecuting his claim. Code § 65.1-101 provides for the assessment of these expenses if it be determined by the Commission that Sun Oil defended the proceedings "without reasonable grounds." The mere fact that Sun Oil was granted an appeal from the Commission's award evidences that its action was not without reasonable grounds.

The award of the Commission appealed from is reversed, and Lawrence's claim is dismissed.

*Reversed and dismissed.*