## CIRCUIT COURT OF HENRICO COUNTY

James W. McNeil

   v.

Homeline Furniture Industries
and Elton Lassiter

March 12, 1984

Case No. 81-L-288

By JUDGE L. PAUL BYRNE

In the instant case, the plaintiff, James W. McNeil, originally filed a Motion for Judgment on July 17, 1981, against Homeline Furniture Industries and John Doe, its agent, servant and employee, for damages for personal injuries incurred on or about July 20, 1979. Defendants filed their Grounds of Defense on October 10, 1981, and on December 7, 1982, filed a Special Plea that the Workmen's Compensation Act was exclusive and a bar to plaintiff's suit. When it was determined through Interrogatories that Elton Lassiter was the name of the agent, servant and employee of Homeline Furniture Industries involved, the Court permitted the plaintiff to file an amended Motion for Judgment by Order entered December 10, 1982, to substitute Mr. Lassiter in the place and stead of John Doe. The defendants filed their Grounds of Defense to the Amended Motion for Judgment on February 10, 1983, and again alleged that the Workmen's Compensation Act was exclusive and a bar to the plaintiff's suit.

At the time of the alleged injury, McNeil was employed as a receiving clerk by Woolco Department

Stores at its retail sales store, # 6003, located at 4900 Azalea Mall in Henrico County, Virginia. His primary duties entailed the unloading of trucks and checking in of merchandise delivered to Woolco's receiving dock by various carriers, including Woolco's own trucks. Woolco operates warehouses or distribution centers for its merchandise and delivers such merchandise from these warehouses to its stores using its own trucks driven by its employees, but, its principal business was and is the operation of retail sales outlets throughout the United States.

Homeline's principal business is the manufacture and sale (at wholesale), of furniture to businesses such as Woolco for resale to the public. It delivers its merchandise to customers in its own or leased trucks driven by its employees. Neither Homeline's nor Woolco's drivers are employed to unload the trucks.

On the day in question, a truck owned or leased by Homeline and driven by Lassiter, its employee, was in the process of delivering furniture to the Woolco store. In his capacity as receiving clerk, McNeil had stepped from the receiving dock into the cargo area of Homeline's truck as it was being backed up to the receiving dock preparatory to unloading it. As McNeil stepped back out of the cargo area of the truck, he fell to the parking lot and was injured when Homeline's driver, Lassiter, allegedly pulled the truck forward away from the dock without any warning.

The defendants contend that, since a part of Woolco's business is the delivery of merchandise to its stores from its warehouse or distribution center, including the store at Azalea Mall, Homeline, in delivering furniture to the Woolco store, is engaged in the business of Woolco. Therefore, Homeline and Lassiter are not "other parties" as contemplated by Virginia Code § 65.1-41 and the plaintiff's action is barred by the Compensation Act.

In support of their position, the defendants argue that the test to be applied in determining whether the Workmen's Compensation Act is exclusive is

found in the language of the Supreme Court in defining the purpose of the Act in Sykes v. Stone & Webster Engineering Corporation, 186 Va. 116, 121 (1947):

> It clearly appears to be the purpose . . . to bring within the operation of the Compensation Act all persons engaged in any work that is a part of the trade, business or occupation of the original party who undertakes as owner, or contracts as contractor, to perform that work, and to make liable to every employe[e] engaged in that work every such owner, or contractor and subcontractor, above such employee. But when the employe[e] reaches an employer in the ascending scale, of whose trade, business or occupation the work being performed by the employe[e] is not a part, then that employer is not liable to the employe[e] for compensation . . . . At that point, . . . the employe[e]'s right of action at common law is preserved. (Emphasis added).

Thus, the defendants contend, it is of little significance that Woolco's principal trade, business or occupation is that of a retail sales enterprise because Homeline, at the time of the alleged accident, was engaged in work that was a part of the trade, business or occupation of Woolco, i.e., the delivery of merchandise to Woolco's store for sale at retail. As a result, Homeline is not a stranger to the business of Woolco, is not an "other party" as contemplated by Code § 65.1-41, and the plaintiff, McNeil, is the statutory employee of Homeline and is precluded from maintaining a common law action against Homeline.

This argument completely ignores the test applied by the Supreme Court in Shell Oil Company v. Leftwich, 212 Va. 715, 722 (1972), and restated with approval in Bassett Furniture Industries v. McReynolds, 216 Va. 897, 902 (1976), as follows:

> "[T]he test is not one of whether the subcontractor's activity is useful, necessary, or

even absolutely indispensable to the statu-
tory employer's business, since, after all,
this could be said of practically any repair,
construction or transportation service. The
test (except in cases where the work is
obviously a subcontracted fraction of a main
contract) is whether this indispensable
activity is, in that business, normally
carried on through employees rather than
independent contractors." (Emphasis added).
(Citation omitted).

Since the Compensation Act was not intended to
relieve employers from liability for their own negli-
gence which causes injury to the employees of indepen-
dent contractors engaged in the performance of work
for employers outside the scope of the latter's occupa-
tion, the question to be resolved in every case is
whether the work performed by the independent contrac-
tor is a part of the owner's trade, business or occupa-
tion. The answer depends upon the facts and circum-
stances in each case, and for that reason the question
does not readily yield to categorical or absolute
standards.

In Bassett Furniture Industries v. McReynolds,
supra, the Supreme Court stated:

That in determining whether work is "normally
carried on through employees," frequency and
regularity of performance are factors to be
considered and mere capacity to perform,
standing alone, is not determinative of the
issue. Nor is performance which is a de
minimis part of the total business operation.
Sun Oil Company v. Lawrence, 213 Va. 596
(1973).

The defendants rely upon the plaintiff's testimony
in his deposition of January 26, 1982, pages 7 through
19, to support their argument that at the time of the
alleged offense Homeline was engaged in a part of the
trade, business or occupation of Woolco. A fair summary
of that testimony is that every Wednesday morning

Woolco delivered merchandise to its retail outlet at Azalea Mall from its warehouse located somewhere in North or South Carolina, using its own trucks and employees as drivers; that the plaintiff, a receiving clerk and an employee of Woolco was required to report for work at 6:30 o'clock a.m. on Wednesday in order to unload the Woolco truck first thing and get it out of the way of the other suppliers and carriers, who were waiting to make deliveries; that it took about two hours to unload the Woolco truck; that the furniture such as Homeline's is not delivered to the store from Woolco's warehouse; that furniture is delivered by other suppliers besides Homeline; and that other suppliers and carriers, i.e., McLean, Wilson, Blue and Gray and Overnite Transportation deliver merchandise to the store; and that none of the truck drivers including those of Homeline's and Woolco's are employed or required to unload the merchandise. The unloading of the trucks was done solely by Woolco's employees.

It is uncontradicted that McNeil was employed to receive and unload merchandise of all types from the trucks of suppliers and carriers making deliveries to the Woolco store. He was paid by Woolco and subject to control by Woolco. He was not employed by Homeline, received no compensation from it and was not subject to control by Homeline.

Further, Woolco using its own trucks and employees made only one delivery of merchandise from its warehouse to its retail store at Azalea Mall per week. At all other times, merchandise was delivered to its store by manufacturers and suppliers such as Homeline and by common and contract carriers acting as independent contractors. In Burroughs v. Walmont, 210 Va. 98 (1969), the Supreme Court had to decide whether an employee of the supplier in delivering and stacking sheetrock at a construction site was engaged in work that was part of the trade, business or occupation of the general contractor. In holding that Burroughs was engaged in the final act of delivery, not an act of construction and that he was not engaged in the trade, business or occupation of the general contractor, the Court stated:

The gathering of material is of course essential to the construction of a building. So in a sense each supplier of material is engaged in the general contractor's trade, business or occupation. But a line must be drawn to determine who is an "other party" for the purposes of the Workmen's Compensation Act. And persons who function solely as suppliers and deliverers of goods have been held "other parties." (Emphasis added). Perkinson v. Thomas, 158 Va. 699 (1932).

See also Shook Company v. Barksdale, 206 Va. 45 (1965); Hipp v. Sadler Materials Corporation, 211 Va. 710 (1971); Stevens v. Ford Motor Company, 226 Va. 415, 226 V.R.R. 391 (1983).

In applying the principles enunciated in the cases cited to the facts in the instant case, the Court is of the opinion that the mere fact that Woolco delivers merchandise from its warehouse to its retail store at Azalea Mall once a week by its employees is not of sufficient frequency to qualify such delivery as a part of its trade, business or occupation normally carried on through its employees rather than independent contractors. The Court holds that Homeline at the time of the alleged injury was an independent contractor engaged in the manufacture and delivery of furniture and was not engaged in the trade, business or occupation of Woolco; that Homeline was an "other party" as contemplated by the Compensation Act and the plaintiff's common law action against Homeline is not barred.