## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Jean R. Wiley

v.

Ryland Group, Inc.

January 4, 1991

Case No. L-90-371

By JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether this tort action is barred by the Virginia Workers' Compensation Act. If, at the time of her injury, Jean R. Wiley was engaged in work that was part of The Ryland Group's trade, business or occupation, she was Ryland's statutory employee, and her exclusive remedy is under the Act. On the other hand, if she was not Ryland's statutory employee at the time of the accident, she is entitled to pursue her common law remedy.

Ryland is engaged in the business of manufacturing modular homes. It operates a facility in Spotsylvania County. On February 25, 1987, while serving food for a business function at Ryland's Spotsylvania plant, Wiley tripped and fell. At the time, she was performing duties within the scope of her employment with The Cobblestone Tavern, a catering service.

Ryland had contracted with Cobblestone to cater the function, as it had done on previous occasions. On some occasions, however, Ryland used its own employees to serve beverages and, about 50% of the time, food to those persons attending meetings. The Ryland facilities are equipped with refrigerator, microwave oven, and coffee makers. Ryland

routinely stocks coffee, tea, and soft drinks but not food (other than snacks) for its employees.

On the occasion of Wiley's accident, as on other occasions when Ryland utilized the services of a caterer, Ryland controlled the time at which the food was to be served and specified the types of foods and beverages to be served.

Wiley instituted this action in the Circuit Court of Prince William County on February 28, 1989. As a result of pretrial motions, the case was transferred to this court, and Wiley filed an amended motion for judgment. Ryland filed a plea in bar, which is the subject of this opinion; a motion to strike, which was denied on December 3, 1990; and an answer.

Arguments on Ryland's plea were heard on December 3, 1990, and counsel submitted memoranda.

The aim of the Workers' Compensation Act is to provide expedited monetary relief to employees who are injured on the job, without resort to common law principles related to fault. As an offset, the amount of recovery is limited by predetermined schedules, and the Act becomes the employees' exclusive remedy.

The Act covers all employees except those specifically excluded or exempted. Virginia Code § 65.1-3, § 65.1-4, and § 65.1-23 *et seq.* Often, the question whether a worker is an "employee" of a particular business owner is difficult to resolve. For instance, a business may resort to an independent contractor, as opposed to its own employees, to perform certain tasks.

At least two provisions of the Act address this circumstance. The mere fact that a business owner engaged an independent contractor does not make the workers of the independent contractor employees of the owner. Virginia Code § 65.1-5. However, when a business owner undertakes work *which is a part of his trade, business or occupation* by subcontracting such work to an independent contractor, the owner remains liable under the Act to the extent the work subcontracted is part of that owner's trade, business, or occupation. Virginia Code § 65.1-29; *Henderson v. Central Telephone Company*, 233 Va. 377 (1987). This provision is meant to prevent an owner from escaping liability under the act by the simple expedient of contracting away work which is part of its normal business. Where § 65.1-29

applies, the independent contractor's workers are referred to as "statutory employees" of the owner.

In this case, then, in order for the court to rule upon Ryland's contention that Wiley was its statutory employee, the court must first determine whether Wiley was engaged in work which was part of Ryland's trade, business, or occupation.

Ryland is in the business of manufacturing modular homes. Its trade, business, or occupation has nothing to do with catering, food supplies, or the like. Thus, Wiley was not engaged in work which could be remotely construed as part of Ryland's trade, business, or occupation.

In *Shell Oil Company v. Leftwich*, 212 Va. 715 (1972), the Supreme Court developed the following test:

> [T]he test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely dispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction, or transportation service. The test . . . is whether this indispensable activity is, in the business, *normally* carried on through employees rather than independent contractors. (Emphasis in original.)

Pointing out that Ryland ordinarily caters its business meetings by use of its own employees, Ryland quotes this test out of context. Ryland is not engaged in catering food. It does not operate catering services through its employees. In fact, it has no employees who act as food service personnel. When it caters its business functions by using its own employees, the performance of that task is a *de minimis* part of the total business operation, and, in fact, a *de minimis* part of those particular employees' duties at Ryland. *See Bassett Furniture Industries v. McReynolds*, 216 Va. 897 (1976); *Sun Oil Company v. Lawrence*, 213 Va. 596 (1973).

Obviously, catering its business functions is not an "indispensable activity"; in fact, since many such functions go on without food provided to the attendees, it is not even a "normal" activity performed with "frequency

and regularity." *See Bassett Furniture, supra.* Rather, the occasional provision of food at such functions is an amenity, performed either by Ryland employees themselves or, as on this occasion, by unrelated third parties.

In fact, in some cases, it is unnecessary to apply the *Shell Oil* test or any part of it. The test is only a "corollary guide, sometimes useful but not indispensable, in applying the literal language of the statutes of the facts of a particular case." *Cinnamon v. International Business Machines,* 238 Va. 471 (1989). Here, even without the *Shell Oil* test, it is apparent that Wiley's work did not constitute a part of Ryland's trade, business, or occupation.

The only testimony offered at the hearing on Ryland's plea in bar was that of Richard Johnson, an officer of Ryland at the Spotsylvania County manufacturing facility. Considering that testimony, and the pleadings, the court is of the opinion that Wiley was not an immediate or direct employee of Ryland, nor was she engaged in work which is part of the trade, business, or occupation of Ryland. Accordingly, she was not an employee or statutory employee of Ryland, and this action is not barred by the Workers' Compensation Act.

For the reasons explained above, the plea in bar is rejected and overruled.