952 F.2d 395
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard COOK, Plaintiff-Appellant,
v.
MODINE MANUFACTURING COMPANY, Defendant-Appellee.
 No. 91-2043.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 30, 1991.
Decided Dec. 19, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. (CA-87-138-L), James C. Turk, Chief District Judge.
 Argued: Melissa Warner Scoggins, Gentry, Locke, Rakes & Moore, Roanoke, Va., for appellant; John Lester Cooley, Jr., Wooten & Hart, P.C., Roanoke, Va., for appellee.
 On Brief: Dale W. Webb, Gentry, Locke, Rakes & Moore, Roanoke, Va., for appellant.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and NIEMEYER, Circuit Judges, and HENRY M. HERLONG, Jr., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Cook ("Cook") appeals the district court's granting of summary judgment in favor of Modine Manufacturing Company ("Modine"). Cook sought to recover damages for an injury he sustained at one of Modine's manufacturing facilities. The district court held under the Virginia Workers' Compensation Act, Va.Code Ann. §§ 65.1-29, 65.1-40 (Repl.Vol.1987), that Modine was Cook's statutory employer and that Cook's sole remedy was under workers' compensation. We affirm.
 
 I.
 
 2
 Cook was a truck driver employed by Great Coastal Express, which had a contract to transport Modine's products. On or about August 19, 1985, Cook arrived at the Modine's plant in Buena Vista, Virginia to pick up a shipment for transportation. Modine personnel advised Cook that he would have to load the products into the trailer. Modine employees did not assist in the loading of Cook's trailer.* While he was loading the trailer, Cook apparently stepped on a slippery substance on the floor. He fell and injured his back.
 
 
 3
 At the time of Cook's accident, Modine operated fourteen (14) facilities throughout the United States. The incident occurred at Modine's plant in Buena Vista, Virginia. The Buena Vista plant, which manufactures various sized heating units, is the only Modine facility in Virginia.
 
 
 4
 Modine uses common carriers to transport all of its products. At the other thirteen (13) Modine facilities, Modine employees load almost all of its products onto the trailers of the common carriers. At the Buena Vista plant, however, the drivers of the trucks are responsible for some of the loading. There, the truck drivers and the Modine employees are both involved in the loading of the Modine products. Modine employees use a forklift to load the heavier and larger units. The truck drivers, who are not allowed to use the forklift, use a two-wheeled dolly or hand-truck. The amount of loading done by Modine employees depends on the weight, size, location, and number of units to be shipped. Therefore, depending on the type of unit being loaded, Modine employees may load all, some, or none of a shipment.
 
 
 5
 The units being loaded by Cook were generally stacked three high in the trailer. The procedure for loading that size unit was that the driver would load one unit, and then Modine employees would use a forklift to load two more units on top of the first. Cook was not following that procedure. He was attempting to load two stacked units without the assistance of the Modine employees and without a forklift.
 
 II.
 
 6
 The standard of review for the granting of a motion for summary judgment is de novo. The court must determine whether any issues of material fact exist and if not, whether the district court erred in applying the substantive law. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166-67 (4th Cir.1988).
 
 
 7
 The issue of whether a person is a statutory employee is a mixed question of law and fact. Carmody v. F.W. Woolworth Co., 234 Va. 198, 201, 361 S.E.2d 128, 130 (1987). The trial court sits as the fact finder. In this case, however, there is no material issue of fact. The procedures for loading and the type of loading done by the Modine employees are not in dispute. Therefore, the determination must be made based on these undisputed facts whether, as a matter of law, Cook was Modine's statutory employee.
 
 
 8
 A person is a statutory employee if he is performing work which is part of the owner's trade, business, or occupation. See Va.Code Ann. § 65.1-29 (Repl.Vol.1987). The test for when an independent contractor (Cook) is engaged in part of the trade, business, or occupation of the owner (Modine) is not "whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction, or transportation service. The test ... is whether this indispensable activity is, in that business, normally carried on through employees rather than independent contractors." Shell Oil Co. v. Leftwich, 212 Va. 715, 722, 187 S.E.2d 162, 167 (1972) (emphasis in original) (citation omitted). "Frequency and regularity of performance are factors to be considered in determining whether work is 'normally carried on through employees.' " Bassett Furniture Indus. Inc. v. McReynolds, 216 Va. 897, 902, 224 S.E.2d 323, 326 (1976).
 
 III.
 
 9
 If at the time of Cook's injury he was performing work which is a part of Modine's trade, business, or occupation, his exclusive remedy would be under the Virginia Workers' Compensation Act. See Va.Code Ann. §§ 65.1-29, 65.1-40 (Repl.Vol.1987).
 
 
 10
 The district court determined that for purposes of the summary judgment motion Modine's Buena Vista plant should be considered as an individual entity and that the practices at the other thirteen (13) Modine plants should not be considered. This was a proper determination. See Sun Oil Co. v. Lawrence, 213 Va. 596, 194 S.E.2d 687 (1973) (the Virginia Supreme Court looked only to Sun Oil Company's activity within the State of Virginia in determining whether a certain activity was normally carried on by employees).
 
 
 11
 The evidence is uncontradicted that the loading procedure Cook should have been following was for Modine employees to load two of the units after the driver had loaded the first. Further, it is uncontradicted that Cook was not following this procedure and was loading the units more than one high without the assistance of Modine employees. This type of loading was normally carried on by employees of Modine. Because Cook was performing work normally performed by Modine employees, he was Modine's statutory employee. See Va.Code Ann. § 65.1-29 (Repl.Vol.1987); Shell Oil Co. v. Leftwich, 212 Va. 715, 722, 187 S.E.2d 162, 167 (1972). His exclusive remedy was under the Virginia Workers' Compensation Act. Va.Code Ann. § 65.1-40 (Repl.Vol.1987).
 
 
 12
 Accordingly, the decision of the district court granting summary judgment to Modine Manufacturing Company is
 
 
 13
 AFFIRMED.
 
 
 
 *
 There is a factual dispute as to whether Cook protested the fact that he had to load his own trailer. Modine contends that Cook refused assistance. Cook asserts that assistance was never offered. However, this dispute is not material to the issue of whether Cook was a statutory employee