## Norfolk

EARL DAVID BRINKLEY

v.

CATHERINE CARR BRINKLEY

No. 0017-85

Argued June 18, 1985

Decided November 19, 1985

COUNSEL

James L. McLemore, III, for appellant.

Hugh A. West, for appellee.

OPINION

**BARROW, J.**—This is an appeal of a custody award in a final decree of divorce. The appellant, Earl David Brinkley (husband), and the appellee, Catherine Carr Brinkley (wife), were divorced on the ground of the wife's adultery, and she was awarded custody of their eight year old son. The husband argues that he should have been awarded custody because of the wife's adultery; however, we conclude that the trial court did not err.

There was evidence that the husband's brother, the wife's alleged paramour, visited the wife's home at night for long periods of time. The wife testified, however, that the child never saw the husband's brother in the home after the husband and wife separated. There was no evidence of any harmful effects to the child as a result of the adultery, and the trial court said that it "did not determine. . .that adultery was going on under the same roof that the child was living under."

■ This case differs from *Brown v. Brown*, 218 Va. 196, 237 S.E.2d 89 (1977), relied on by the husband. In *Brown*, which affirmed a change of custody to a father because of a mother's adulterous relationship, the mother and her paramour cohabited openly in the presence of two young children and there was evidence that the relationship had an adverse impact on the children. *Id.* at 200, 237 S.E.2d at 92.

In *Brown* the Court quoted with approval the Missouri Court of Appeals: "Adultery is usually insufficient, without more, to stigmatize a mother an unfit custodian, as the principal relevancy of such activity is its effect upon the child." *In re Marriage of J-H-M- and E-C-M-*, 544 S.W.2d 582, 585 (Mo. Ct. App. 1976).

The Court in *Brown* also pointed out that:

In all custody cases the controlling consideration is always the child's welfare and, in determining the best interest of

the child, the court must decide by considering all the facts, including *what effect a nonmarital relationship by a parent has on the child.* The moral climate in which children are to be raised is an important consideration for the court in determining custody, and adultery is a reflection of a mother's moral values. An illicit relationship to which minor children are exposed cannot be condoned. Such a relationship must necessarily be given the most careful consideration in a custody proceeding.

218 Va. at 199, 237 S.E.2d at 91. (emphasis added).

We conclude that evidence of adultery, without more, is an insufficient basis upon which to find that a parent is an unfit custodian of his or her child. However, as the *Brown* decision mandates, in determining a child's best interest, the extent to which the child is exposed to an illicit relationship must be given the "most careful consideration" in a custody proceeding. Furthermore, as *Brown* states, adultery is a reflection of a parent's moral values which should be considered in evaluating the moral climate in which a child is to be reared.

The trial court considered a Department of Social Services' report, containing background information about the parents and the child, and other evidence, all of which allowed it "to make a rational comparison between the circumstances of the two parents as those circumstances affect[ed] the children." *Keel* v. *Keel*, 225 Va. 606, 613, 303 S.E.2d 917, 922 (1983). After weighing the evidence, the trial judge determined that the child's best interest was served by custody remaining with the mother with whom the child had resided for over two years. We cannot find this decision in error.

█ The husband also complains that the trial court erred in refusing to conduct an additional hearing on the question of custody prior to the entry of the final decree. We find no merit in this contention since the trial court did not abuse its discretion. However, we recognize, just as the trial court impliedly did in its correspondence with counsel, that Code § 20-107, which gives the court continuing authority to alter or change custody, "affords a degree of comfort to a court having the heavy responsibility of determining custody." *Andrew* v. *Geyer*, 200 Va. 107, 111-12, 104 S.E.2d 747, 750-51 (1958).

For these reasons the decree of the trial court is affirmed.

*Affirmed.*

Benton, J., and Coleman, J., concurred.