COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


KITCHIN EQUIPMENT COMPANY

MEMORANDUM OPINION[*] BY
v.          Record No. 0652-95-1          JUDGE LARRY G. ELDER
                                          NOVEMBER 28, 1995
RONALD BIAFORE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Roger L. Williams (Vasiliki Moudilos; Williams
          & Pierce, on brief), for appellant.

          (John H. Klein; Rutter & Montagna, on brief),
          for appellee.


     Kitchin Equipment Company (employer) appeals from the
commission's award of benefits to Ronald Biafore (claimant) for
medical treatment provided by an internist consulted by claimant.
 Employer contends the commission erred (1) in finding employer
was responsible for the costs of treatment provided by the
internist, and (2) in failing to determine whether treatment
provided by claimant's treating physician was inadequate.  For
the following reasons, we affirm the commission's decision.

     Claimant sustained a compensable left knee injury in an
accident arising out of and in the course of his employment with
employer on December 19, 1989.[1]  Shortly after his injury, Dr.

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]  A panel of this Court addressed the issue of whether
claimant unjustifiably refused certain treatment in Biafore v.
Kitchin Equip. Co. of Virginia, 18 Va. App. 474, 445 S.E.2d 496
(1994).

Michael Romash performed arthroscopic surgery for a tear of the medial meniscus on claimant's left knee. After continuing to experience physical difficulties, claimant was referred to his primary treating physician, orthopedic surgeon Dr. Lawrence Shall. After a course of treatment, during which claimant's condition did not improve, Dr. Shall surgically performed a surgical fat pad excision on claimant's knee on September 25, 1990. Even after the surgery, Dr. Shall noted further aggressive surgery might be needed, informing claimant "the end stage procedure ultimately could be a fusion."

Because Dr. Shall felt claimant should first be cleared for the September 25, 1990 fat pad excision surgery, he instructed claimant to obtain a history and physical examination from his internist, Dr. Harvey Bercowitz. Unbeknownst to Dr. Shall, after surgery was performed on September 25, 1990, claimant continued to receive care from Dr. Bercowitz. Dr. Shall also referred claimant to Dr. Marcus Rice for a neurological evaluation, which was performed on March 12, 1991. Dr. Rice provided follow-up treatment in conjunction with Dr. Bercowitz, both doctors agreeing to keep claimant on a conservative course of treatment consisting of four different medications. Doctors Bercowitz and Rice each questioned the effectiveness of any further surgical procedures and instead explored these more conservative treatment options.

Deputy Commissioner Phillips found employer responsible for

payment of treatment by Dr. Bercowitz. After the full commission affirmed the deputy commissioner's decision on February 27, 1995, employer appealed to this Court.

Well-settled principles of appellate review guide our decision in this case. When there is credible evidence to support the commission's decision, we must affirm the decision on appeal. Rucker v. Thrift Transf., Inc., 1 Va. App. 417, 419, 339 S.E.2d 561, 562 (1986). Additionally, we must construe the evidence in the light most favorable to the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

As employer and the commission recognize, an employer is responsible for medical treatment provided by a medical care giver who is not a claimant's treating physician if: (1) the medical service was causally related to the industrial injury; (2) the additional medical attention was necessary; and (3) the treating physician made a referral to the patient. Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 200, 336 S.E.2d 902, 906 (1985).

This Court has stated "[a]s long as necessary after an accident the employer shall furnish or cause to be furnished, free of charge to the insured employee, a physician . . . and such other necessary medical attention." Jensen Press v. Ale, 1 Va. App. 153, 158, 336 S.E.2d 522, 525 (1985)(emphasis in original). Furthermore, an "employer's assertion that the

3

referral was for evaluation only is of no consequence.  Whether for evaluation or treatment or both, the purpose [of a referral is] to aid the attending physician in his continued treatment of the claimant."  Id. (citing former Code § 65.1-88)(emphasis added).

In this case, it matters not that Dr. Shall purportedly limited his original referral to a preoperative evaluation. Instead, the referral's overall purpose was to aid Dr. Shall's continuing treatment of claimant's injury.  The record reveals Dr. Bercowitz, after receiving the referral from Dr. Shall, supervised an on-going conservative and appropriate course of treatment.  Both claimant and Dr. Bercowitz considered Dr. Bercowitz to be claimant's managing physician for at least three years.  Dr. Shall never questioned the propriety of Dr. Bercowitz's continued and uninterrupted conservative treatment plan, which was effected in conjunction with Dr. Rice, another doctor to whom Dr. Shall referred claimant.

As a panel of this Court noted in Biafore v. Kitchin Equip. Co. of Virginia, 18 Va. App. 474, 445 S.E.2d 496 (1994), claimant received contradictory opinions from the various physicians from whom he received treatment.  Claimant's choice of Dr. Bercowitz's conservative treatment plan was not unreasonable under the circumstances and most likely resulted in less cost to employer than would have further surgery.  We see no reason, under the facts of this case, to hold employer is not responsible for the

4

costs incurred by the continuing treatment from Dr. Bercowitz. Therefore, we decline to disturb the commission's findings in this regard.

Because we hold employer is responsible for claimant's medical treatment for the reasons stated above, we need not address employer's alternate argument of whether claimant proved Dr. Shall's treatment was inadequate.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>