COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


LINDA WYTIAZ
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1672-95-2      JUDGE RICHARD S. BRAY
                                          APRIL 2, 1996
EDISON BROTHERS STORES, INC. and
 LUMBERMENS MUTUAL CASUALTY COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Laura Large Geller (Geoffrey R. McDonald;
          McDonald & Snesil, P.C., on brief), for
          appellant.

          Timothy P. Murphy (William W. Nexsen;
          Stackhouse, Smith & Nexsen, on brief), for
          appellees.


     Linda Wytiaz (claimant) appeals a ruling by the Workers'

Compensation Commission (commission) that Edison Brothers Stores,

Inc. and its insurer, Lumbermens Mutual Casualty Company

(employer), were not responsible for the cost of certain

unauthorized medical treatment provided claimant incidental to a

compensable injury.  Finding no error, we affirm the decision of

the commission.

     The parties are fully conversant with the record in this

case and we recite only those facts necessary to a disposition of

this appeal.

     On appeal, we construe the evidence in the light most

favorable to the party prevailing below, employer in this

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

instance.  Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).

From a panel of physicians provided by employer incidental to her compensable accidental injuries, claimant selected Dr. Frank G. Burns, Jr., an orthopedic surgeon, as treating physician.  See Code § 65.2-603(A)(1).  Dr. Burns referred claimant to Dr. Raymond Troiano, a neurologist, and Dr. Warren Foer, a neurosurgeon, and employer does not challenge the attendant costs.  However, employer declined responsibility for treatment provided claimant by Dr. Raymond Iglecia, a psychiatrist and neurologist who had previously treated claimant for "major depression, chronic pain[,] and polysubstance abuse secondary to [an unrelated] work . . . injury."  On March 7, 1994, Dr. Troiano noted that he "referred [claimant] back to Dr. Iglecia for pain management because [she] requested continued treatment by him."  (Emphasis added).  In correspondence to Dr. Burns dated March 28, 1994, Dr. Troiano wrote:

> [Claimant] would like to go back to Dr. Iglecia for further treatment, but she has been told to come to see me because of her continued pains for neurologic evaluation . . . .  Mrs. Wytiaz has been treated previously by Dr. Iglecia . . . so she is referred back to Dr. Iglecia for his treatment of this problem, since this is where Mrs. Wytiaz wants to receive treatment.

(Emphasis added).

In a March 8, 1994 office note, Dr. Burns recorded, "I advised [claimant] that I wanted her to see a neurologist – she states she sees Dr. Iglecia – my book lists him as a

- 2 -

psychologist. I told her I can only advise her what to do I can not [sic] make her do it." Dr. Burns' office advised employer on March 22, 1994, that "[claimant] said that she would make an appointment with Dr. Iglecia today . . . . Dr. Burns was not familiar with this doctor. He would not have referred her to him because he does not use his services." Dr. Burns wrote employer on May 20, 1994, that claimant "[f]or some reason . . . has a lot of confidence in Dr. Iglecia although . . . she states he treated her from 1988-90 for back problems with very little improvement. Perhaps it is psychological support she wishes."

It is well established that "'[n]either the employer nor its insurance carrier may limit the treating physician in the medical specialist, or treating facilities to which claimant may be referred for treatment.'" Jensen Press v. Ale, 1 Va. App. 153, 158, 336 S.E.2d 522, 525 (1985) (citation omitted). If an industrial accident is causally related to the complaints that give rise to a referral, "the employer is financially responsible for the medical attention which the attending physician deems necessary . . . ." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 200, 336 S.E.2d 903, 906 (1985). Whether a treating physician has made a compensable referral is a question of fact, and "[w]e are bound by the Commission's . . . finding if supported by credible evidence." Jensen Press, 1 Va. App. at 158-59, 336 S.E.2d at 525.

Here, the commission concluded that "Dr. Burns and Dr.

Troiano referred . . . claimant to Dr. Iglecia only to accommodate her wishes."  The referral was, therefore, prompted by claimant's insistence rather than medical necessity, and "employer [was] not responsible for treatment provided by Dr. Iglacia [sic]."  This determination by the commission enjoys support in the evidence and will not be disturbed on appeal.

Accordingly, we affirm the decision.

Affirmed.