COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


SHOPPERS FOOD WAREHOUSE
AND
ZURICH INSURANCE COMPANY                    MEMORANDUM OPINION[*]
                                                PER CURIAM
v.    Record No. 1721-96-4                   DECEMBER 17, 1996

JOHN MAFIS GODFREY, JR.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Colleen Marea Quinn; Cantor, Arkema &
                Edmonds, on briefs), for appellants.

                (Kathleen G. Walsh; Ashcraft & Gerel, on
                brief), for appellee.


        Shoppers Food Warehouse and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that (1) John Mafis

Godfrey, Jr., sustained a compensable change in condition as of

September 1, 1994; (2) Godfrey made a reasonable effort to market

his residual work capacity after September 1, 1994; (3) Godfrey

obtained a valid referral from Dr. David E. Couk for treatment

rendered by Dr. Terry L. Whipple; and (4) the Bankhart lesion

diagnosed by Dr. Whipple was causally related to Godfrey's

compensable October 25, 1992 injury by accident.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.
_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## I. Standard of Review

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

## II. Change in Condition

The evidence proved that on October 25, 1992, Godfrey sustained a compensable injury by accident to his right shoulder. The commission awarded Godfrey temporary total disability benefits for the periods October 28, 1992 through December 13, 1992 and December 29, 1992 through July 13, 1994. On May 24, 1994, Dr. Mayo F. Friedlis, a physiatrist, opined that Godfrey's rotator cuff tear had healed and released Godfrey to return to his pre-injury work. On November 30, 1994, based upon Dr. Friedlis' report, Deputy Commissioner Lee granted employer's change in condition application and terminated Godfrey's benefits as of July 13, 1994.

On August 11, 1994, Dr. Donald L. McNay, an orthopedic surgeon, examined and noted that Godfrey suffered pain when he placed his arm under weighted stress. Dr. McNay restricted Godfrey's lifting to fifty to sixty pounds and his overhead lifting to five pounds.

"[A] change in condition 'means a change in physical

condition of the employee . . . .'" Crystal Oil Co. v. Dotson, 12 Va. App. 1014, 1018-19, 408 S.E.2d 252, 253 (1991) (citation omitted). Dr. McNay's August 11, 1994 report constitutes credible evidence to support the commission's finding that Godfrey met his burden of proving a change in condition as of September 1, 1994.

Employer argues that the commission should not have considered Dr. McNay's August 11, 1994 report because it was previously before Deputy Commissioner Lee when she rendered her November 30, 1994 opinion, from which Godfrey did not appeal. In arguing that the doctrine of res judicata barred the commission from considering Dr. McNay's report, employer ignores a finding that Deputy Commissioner Lee stated in her November 30, 1994 opinion. She specifically found that "[s]ince the only issue before the Commission is the Employer's Application, i.e., the claimant does not have a change in condition claim before us, we will not consider whether the August 11, 1994 medical record from Dr. McNay constituted a valid change in condition and rendered the claimant partially disabled." That finding dispositively establishes that employer's res judicata argument is without merit.

### III. Marketing

The commission found that Godfrey made a reasonable effort to market his remaining work capacity after Dr. McNay imposed work restrictions. Godfrey submitted a lengthy list of potential

employers which he contacted between September 1994 and October 1995. Between September 1994 and April 1995, Godfrey submitted approximately 130 resumes to prospective employers.

On April 1, 1995, Godfrey obtained employment as a used car salesman. On July 28, 1995, that employer terminated Godfrey's employment because of anticipated absences for surgery recommended by Dr. Whipple. Following his termination, Godfrey interviewed with real estate companies. However, these companies would not pay the fees necessary to reactivate Godfrey's real estate license nor could Godfrey afford to pay such fees.

Godfrey's testimony and his list of job contacts constitute credible evidence to support the commission's finding that Godfrey made a reasonable effort to market his residual work capacity. See National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989).

### IV. Dr. Whipple's Treatment/Bankhart Lesion

Because Dr. Couk could not determine the cause of Godfrey's continuing pain, he repeatedly tried to obtain permission from employer's insurance carrier to refer Godfrey to Dr. Whipple for evaluation. The insurance carrier did not respond to Dr. Couk's numerous requests. On July 26, 1995, pursuant to Dr. Couk's referral, Godfrey was examined by Dr. Whipple, without the approval of employer or its insurance carrier.

"Whether the employer is responsible for medical expenses . . . depends upon: (1) whether the medical service was

causally related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral . . . [of] the patient." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985). The commission found that Dr. Couk made a valid referral of Godfrey to Dr. Whipple. The commission did not err in so finding. "[M]edical management of the claimant is to be directed by the treating physician, not by an employer's representative. '[N]either the employer nor its insurance carrier may limit the treating physician in the medical specialist, or treating facilities to which the claimant may be referred for treatment.'" Jensen Press v. Ale, 1 Va. App. 153, 158, 336 S.E.2d 522, 525 (1985) (citation omitted).

In his July 27, 1995 letter, Dr. Whipple opined that Godfrey had a Bankhart lesion, that "clinically, the shoulder sublaxes anteriorly, and [that] such a defect is consistent with his mechanism of injury." Based upon this opinion, the commission could reasonably infer that Godfrey's Bankhart lesion and the surgery recommended by Dr. Whipple were causally related to Godfrey's compensable injury by accident.

The commission accepted the opinions of Drs. Whipple and Couk and rejected the contrary opinions of Drs. Debs, Friedlis, and Pangallo with regard to the cause of the Bankhart lesion and the necessity of surgery. The medical records and opinions of Drs. Whipple and Couk constitute credible evidence to support the

commission's decision.  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.


Affirmed.