COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


JEROME SHAW

v.   Record No. 2176-96-1                    MEMORANDUM OPINION*
                                                PER CURIAM
TARMAC LONE STAR                             FEBRUARY 11, 1997
AND
LIBERTY MUTUAL FIRE INSURANCE
 COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Jerome Shaw, pro se, on brief).

            (Glenn S. Phelps; Thompson, Smithers, Newman &
            Wade, on brief), for appellees.


    Jerome Shaw (claimant) contends that the Workers'

Compensation Commission (commission) erred in denying his request

for a change in treating physicians.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

    On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Whether a treating physician has released or abandoned his

patient generally is determined by the express intent of the

physician.  In some cases, the total circumstances must be

analyzed in order to determine whether discharge, release, or

    *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

abandonment of the patient was intended. This determination is a factual one which must be proved by clear and convincing evidence. Jensen Press v. Ale, 1 Va. App. 153, 157, 336 S.E.2d 522, 524 (1985).

In denying claimant's request for a change in treating physicians, the commission found as follows:

> [C]laimant will not be heard to complain that treatment from Dr. [A.W.K.] Durrani has been unproductive and that his condition has even deteriorated under that physician's care, and from specialists to whom he was referred for treatment, when it is clear from the record that the claimant has failed to comply with recommendations from the physicians that were to help resolve and ameliorate his injury. We also do not accept as credible his bare statement that Dr. Durrani has declined to provide treatment because the physician was not paid for his services. The file does contain a request from Dr. Durrani to the Commission in 1989 seeking to recover for nonpayment of services, but nothing afterwards. There is also nothing in Dr. Durrani's later medical records or reports to suggest that care would not be provided, if the claimant requests and is prepared to accept it.

The commission also found that the fifteen mile distance from claimant's home in Spring Grove, Virginia to Dr. Durrani's office in Hopewell, Virginia was not an unreasonable distance for claimant to travel for regular medical treatment from the authorized physician.

The commission's findings are amply supported by the medical records and will not be disturbed on appeal. Because claimant failed to present any clear and convincing evidence of

2

abandonment or inadequate treatment by Dr. Durrani, we cannot find as a matter of law that the commission erred in denying claimant's request for a change in treating physicians.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>