COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


SHAW JEWELERS, ET AL.

                              MEMORANDUM OPINION[*] BY
v.        Record No. 2320-96-2     JUDGE LARRY G. ELDER
                                 MARCH 18, 1997
BEULAH ALLENE SQUIERS


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Mark M. Caldwell, III (Ralph L. Whitt, Jr.;
> Sands, Anderson, Marks & Miller, on brief),
> for appellants.
>
> No brief or argument for appellee.


Shaw Jewelers and National Union Fire Insurance Company (appellants) appeal a decision of the Workers' Compensation Commission (commission) awarding medical benefits and temporary partial disability benefits to Beulah A. Squires (claimant). Appellants contend that the commission erred as a matter of law when it concluded that claimant was validly referred by her treating physician to a chiropractor. They also contend that the medical evidence was insufficient to support the commission's conclusion that claimant proved a change of condition since her last award of compensation benefits. For the reasons that follow, we affirm.

Appellants do not argue that the chiropractic treatment provided by Dr. Critchfield was either unnecessary or unrelated

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

to claimant's accident.  Instead, appellants contend that they are not responsible for the treatment provided by Dr. Critchfield because claimant did not obtain a legally valid referral from Dr. Allen for this treatment.  We disagree.

It is well established that "'neither the employer nor its insurance carrier may limit the treating physician in the medical specialist, or treating facilities to which claimant may be referred for treatment.'"  Jensen Press v. Ale, 1 Va. App. 153, 158, 336 S.E.2d 522, 525 (1985) (citation omitted).  An employer is financially responsible for medical expenses arising from the referral of a claimant's treating physician that are causally related to the workplace injury and deemed necessary by the treating physician.  See Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 200, 336 S.E.2d 903, 906 (1985).

The evidence relevant to Dr. Allen's referral was limited to claimant's testimony at the hearing before the deputy commissioner and a letter in the record written by Dr. Critchfield.  At the hearing, the deputy commissioner examined claimant about her referral to Dr. Critchfield:

Q.   Did Doctor Allen refer you to him?

A.   Got referred through his office, yes, sir.

Q.   Pardon?

A.   Through his office.

Q.   Through his office?

A.   Yes.

Q. Did you [ask] Doctor Allen to refer you to Doctor Critchfield?

A. They did through the -- by telephone.

Q. Did you ask Doctor Allen to refer you to Doctor Critchfield?

A. I had talked to him about it. I didn't directly ask him in his office at the last visit. I wasn't seen by Doctor Critchfield until approval was made by him. What he told his secretary or his nurse, they wouldn't see me until they had approval.

In addition, a letter from Dr. Critchfield dated February 10, 1996 stated that "[claimant] was referred from the office of Dr. Allen, whose care she had been under from the time of her accident [o]n July 18, 1993."

We hold that Dr. Allen's referral of claimant to Dr. Critchfield was valid. The record established that claimant learned of Dr. Critchfield from a neighbor and mentioned him to Dr. Allen. Although Dr. Allen did not make a written referral, he told "his secretary or his nurse" that he approved of Dr. Critchfield's treatment. One of Dr. Allen's employees then communicated his referral by telephone to Dr. Critchfield's office. Dr. Critchfield waited for Dr. Allen's referral before treating claimant. Although the better practice of referring claimants might be to document each referral in writing, we hold that the oral communication of Dr. Allen's referral by one of his employees constitutes a valid referral under the Workers' Compensation Act.

Appellants argue that the referral was invalid because the topic of chiropractic care was first broached by claimant. We disagree. Although claimant may have brought up the possibility of treating her injured back with chiropractic manipulation, Dr. Allen had the opportunity to exercise his independent medical judgment before recommending this option as a necessary medical treatment. Furthermore, this is not a case in which Dr. Allen merely "rubber-stamped" his approval of claimant's suggestion in order to placate her. The commission found that "there is no evidence the referral was solely to satisfy the claimant or that it was not intended as a true referral." This finding is not contradicted by the evidence in the record and is binding on appeal. Code § 65.2-706(A).

Appellants next challenge the commission's award of temporary partial disability benefits to claimant. They contend that the evidence was insufficient to support the commission's finding of a change in condition of claimant's back since the expiration of her last award in 1994. We disagree.

"General principles of work[er]'s compensation law provide that 'in an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570,

-4-

572 (1986)). "It is fundamental that a finding of fact made by the Commission is conclusive and binding upon this court on review. A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).

We hold that the evidence was sufficient to prove that claimant experienced a change in condition in her back. The evidence before the commission consisted of the medical opinions of Dr. Allen, claimant's treating physician since her accident in 1993, Dr. Critchfield, who first examined claimant on January 16, 1996, and Dr. Debs, who examined claimant on March 22, 1996 at the request of appellants. The medical evidence indicates that claimant saw Dr. Allen in April and May after experiencing pain in the area of her injury. On October 31, 1995, Dr. Allen opined in a letter that pain in claimant's back had rendered her partially disabled since January, 1995. He stated that since January, "[claimant] has had flair ups of her back strain, both thoracic and lumbosacral, and also problems with her elbow." Dr. Allen referred claimant to Dr. Critchfield for chiropractic treatment of this injury in January, 1996. Dr. Critchfield indicated in his notes from his initial examination of claimant on January 16, 1996 that her current back condition was related to her injury in 1993. Dr. Debs, on the other hand, opined that "[claimant] is physically able to resume her regular duty activities as a jewelry sales clerk at this time." The

commission found that "claimant has established a change in condition, she no longer can work full time because of her back problem." This Court on appeal does not judge the credibility of the witnesses or weigh the evidence. See Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). We cannot say that the commission's factual finding of a change of condition in claimant's back is unsupported by credible evidence in the record.

For the foregoing reasons, we affirm the commission's award of medical benefits and temporary partial disability benefits.

Affirmed.