COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia


DOMINION COAL CORPORATION
AND
JEWELL RESOURCES CORPORATION           MEMORANDUM OPINION[*] BY
                                        JUDGE LARRY G. ELDER
v.          Record No. 2195-96-3           APRIL 22, 1997

CLYDE LYNDELL HORNE


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            S. T. Mullins (Street, Street, Street,
            Scott & Bowman, on briefs), for appellants.

            Carr L. Kinder, Jr. (John A. Martin;
            Browning, Lamie & Sharp, on brief), for
            appellee.


     Dominion Coal Corporation (employer) and Jewell Resources

Corporation (carrier) appeal a decision of the Workers'

Compensation Commission (commission) awarding medical benefits to

Clyde Lyndell Horne (claimant).  For the reasons that follow, we

affirm.

     Claimant suffered a compensable injury to his back on

January 9, 1985.  Until 1995, claimant had been treated

contemporaneously for many years by two treating physicians:  Dr.

Hulvey, an orthopedic surgeon whose office is in Abingdon, and

Dr. Baxter, a general practitioner whose office is in Grundy.  In

early 1995, Dr. Baxter announced that he was retiring from the

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

practice of medicine. On May 4, 1995, Dr. Hulvey referred claimant to Dr. Sutherland, a general practitioner whose office is near claimant's home. On May 8, carrier informed claimant that it "cannot accept" the referral of Dr. Sutherland because he "is not an approved panel physician." Carrier offered claimant a panel of three physicians from which claimant could choose Dr. Baxter's replacement.

Claimant declined to choose a physician from carrier's panel and filed a claim with the commission seeking the payment of Dr. Sutherland's outstanding medical bills. His claim was denied by a deputy commissioner. Claimant appealed, and the commission reversed, concluding that employer should pay for Dr. Sutherland's treatment.

Appellants contend that the commission erred when it concluded that claimant was validly referred by Dr. Hulvey to Dr. Sutherland following the retirement of Dr. Baxter. We disagree.

"Code § 65.2-603 allows an employee to select from a panel of physicians offered by the employer, or in the absence of a forthcoming offer, to select a physician of the employee's choice." Biafore v. Kitchin Equip. Co. of Virginia, 18 Va. App. 474, 478-79, 445 S.E.2d 496, 498 (1994) (citing Breckenridge v. Marval Poultry Co., Inc., 228 Va. 191, 194, 319 S.E.2d 769, 770-71 (1984)). "[O]nce [the selection of a treating physician] is made, the employee is not at liberty to change therefrom unless referred by said physician, confronted with an emergency,

or given permission by the employer and or its insurer or [the] Commission." <u>Breckenridge</u>, 228 Va. at 194, 319 S.E.2d at 770-71.

However, once a treating physician is in place, the Act protects the power of the treating physician to direct the claimant's treatment. In <u>Jensen Press v. Ale</u>, we said:

> [M]edical management of the claimant is to be directed by the treating physician, not by an employer's representative. "[N]either the employer nor its insurance carrier may limit the treating physician in the medical specialist, or treating facilities to which the claimant may be referred for treatment."

1 Va. App. 153, 158, 336 S.E.2d 522, 525 (1985) (citation omitted).

We hold that the commission did not err when it concluded that claimant's treatment by Dr. Sutherland resulted from a valid referral by his treating physician, Dr. Hulvey. The record established that Dr. Hulvey had been one of claimant's treating physicians since 1986. In May, 1995, after Dr. Baxter announced his retirement, Dr. Hulvey wrote a letter referring claimant to another general practitioner, Dr. Sutherland. Because claimant was referred to a new general practitioner by Dr. Hulvey, an authorized treating physician, employer was precluded from interfering in the selection of the general practitioner.

We disagree with appellants' contention that employer has a right to participate in the selection of Dr. Baxter's replacement because Dr. Baxter was a treating physician who released claimant from his care. Appellants rely on the rule established by

previous decisions of the commission that:

> [w]here treatment by the authorized physician is denied or is otherwise no longer available, the claimant is obligated to provide notice to the employer or carrier that he needs medical care, so that the employer has an opportunity to provide the care pursuant to the Act. If such care is not provided within a reasonable period, the claimant may seek care from a physician of his choice.

Perrin v. Econo Clean Janitorial Service, VWC File No. 175-98-30, slip. op. at 3 (June 18, 1996) (emphasis added).

We hold that the commission's rule mandating employer participation in the replacement of a claimant's treating physician does not apply to this case. On its face, the rule applies to situations in which the treating physician is no longer available and the claimant is left without any authorized medical care. In such instances, the rule requires an employer and claimant to "start from scratch" and to select a replacement treating physician in the same manner that a treating physician is initially selected under Code § 65.2-603. This rule does not apply to this case because Dr. Baxter's retirement did not leave claimant without an authorized treating physician to manage his care. The record indicates that claimant had two authorized treating physicians: Dr. Hulvey and Dr. Baxter. Upon Dr. Baxter's retirement, Dr. Hulvey was still available to direct claimant's medical treatment.

Finally, we disagree with appellants' argument that Dr. Hulvey's referral of claimant to Dr. Sutherland was not based on

medical necessity.  An employer is required to pay for medical expenses arising from a referral by a claimant's treating physician that is causally related to the compensable injury and deemed necessary by the treating physician.  See Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 200, 336 S.E.2d 903, 906 (1985).  Whether a referral is deemed medically necessary by a treating physician is a question of fact.

On appellate review, we must construe the evidence in the light most favorable to the prevailing party below, claimant in this instance.  See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).  "[T]he commission's findings of fact are conclusive and binding on us when there is credible evidence in support of such findings." Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788 (1988).

The commission found that Dr. Hulvey's referral of claimant to Dr. Sutherland was based on medical necessity, and this finding is supported by credible evidence in the record.  The circumstances of Dr. Hulvey's referral are detailed in his letters of May 4, 1995 and November 20, 1995.  In his letter of May 4, Dr. Hulvey stated that claimant "need[ed] to find another general physician" because Dr. Hulvey was treating claimant's back problem "conservatively" and claimant would benefit from having a general practitioner "follow him up over the long haul for his low back problem."  In addition, in his letter of

November 20, Dr. Hulvey stated that <u>he</u> made the decision to refer claimant to Dr. Sutherland and that "[claimant] did not encourage or urge me to select any particular physician as I recall." Thus, we cannot say that the commission's finding that claimant's referral to Dr. Sutherland was "deemed reasonable and necessary by Dr. Hulvey" is not supported by credible evidence.

For the foregoing reasons, we affirm the decision of the commission.

<u>Affirmed</u>.