COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JOSE MARIA DEJESUS VENTURA
                                    MEMORANDUM OPINION*
v.   Record No. 2108-97-4               PER CURIAM
                                      FEBRUARY 3, 1998
DITTMAR COMPANY AND PENNSYLVANIA
 MANUFACTURERS' ASSOCIATION
 INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Simon M. Osnos, on brief), for appellant.

            No brief for appellees.



     Jose Maria Dejesus Ventura (claimant) appeals a decision of

the Workers' Compensation Commission terminating his award of

temporary total disability benefits and denying his request for a

change in treating physicians.  Claimant contends that the

commission erred in finding that (1) he was able to return to his

pre-injury employment as of December 3, 1996; and (2) he was not

entitled to a change in treating physicians.  Finding no error,

we affirm.

                                I.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "[I]t

is fundamental that a finding of fact made by the Commission is

conclusive and binding upon this court on review.  A question

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).

As fact finder, the commission was entitled to accept the opinions of the treating physicians, Drs. Joseph White and Ronald Uscinski, and to reject the contrary opinion of Dr. Lewis B. Eberly. Drs. White and Uscinski based their opinion that claimant was capable of returning to his pre-injury employment upon diagnostic testing and their evaluation of claimant's condition and improvement since the compensable accident. On the other hand, Dr. Eberly, a physician chosen by claimant on his own, examined claimant on one occasion and relied solely upon claimant's articulated history without the benefit of the treating physicians' medical records. Neither Dr. White nor Dr. Uscinski could find any objective basis for claimant's persistent symptoms. The opinions of Drs. White and Uscinski constitute credible evidence to support the commission's decision that claimant was able to return to his pre-injury employment as of December 3, 1996. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II.

Whether a treating physician has released or abandoned his patient generally is determined by the express intent of the

2

physician. In some cases, the total circumstances must be analyzed in order to determine whether the discharge, release, or abandonment of the patient was intended. This is a factual determination which must be proved by clear and convincing evidence. See Jensen Press v. Ale, 1 Va. App. 153, 157, 336 S.E.2d 522, 524 (1985).

In denying claimant's request for a change in treating physicians, the commission found as follows:

> There is no evidence in the record that supports the claimant's request for a change in physicians. Both Dr. White and Dr. Uscinski have documented their treatment of the claimant and it appears from the record to be appropriate and adequate. We see no evidence that corroborates the need for the claimant to seek treatment from another physician.

The commission's findings are amply supported by the medical records and will not be disturbed on appeal. Because claimant failed to present any clear and convincing evidence of abandonment or inadequate treatment by Drs. White and Uscinski, we cannot find as a matter of law that the commission erred in denying claimant's request for a change in treating physicians.

For these reasons, we affirm the commission's decision.

Affirmed.