COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Bumgardner


MEADOW GREEN MINUTE MARKET, INC.
AND
VIRGINIA FARM BUREAU FIRE & CASUALTY INSURANCE

MEMORANDUM OPINION[*]
v.    Record No. 0098-98-3              PER CURIAM
                                        MAY 26, 1998
   REBECCA B. BOWLES


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Cathie W. Howard; Pierce & Howard, on
              brief), for appellants.

              (Rhonda L. Overstreet; Lumsden, Overstreet &
              Hansen, on brief), for appellee.


       Meadow Green Minute Market, Inc. and its insurer

(hereinafter referred to as "employer") contend that the Workers'

Compensation Commission ("commission") erred in granting the

application of Rebecca B. Bowles ("claimant") requesting that

employer provide her with a new panel of physicians.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

       On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Factual findings made by the commission will be upheld on appeal

if supported by credible evidence.  See James v. Capitol Steel

       [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In granting claimant's application, the commission found as follows:

> In this case, the treating neurosurgeon has declined to make a referral to a physician who might address the claimant's ongoing pain complaints. Dr. [Edgar N.] Weaver[, Jr.] has instead determined that the claimant needs no further treatment despite the pain and presence of significant scar tissue. Although the claimant may not have need of further neurosurgical intervention, we find that Dr. [John] Wilson's suggestion of a pain clinic is a reasonable approach which Dr. Weaver evidently finds unnecessary. In view of the fact that Dr. Weaver has no plan of treatment or referral for the claimant's post-operative pain complaints, we find that she is entitled to a new panel of physicians.

Whether a treating physician has released or abandoned his patient generally is determined by the express intent of the physician. In some cases, the total circumstances must be analyzed in order to determine whether discharge, release, or abandonment of the patient was intended. This determination is a factual one which must be proved by clear and convincing evidence. See Jensen Press v. Ale, 1 Va. App. 153, 157, 336 S.E.2d 522, 524 (1985).

Claimant's testimony and the medical records provide clear, convincing and credible evidence to support the commission's findings that Dr. Weaver refused to provide further treatment to claimant or to refer her to another physician although she continued to complain of post-operative pain. Where, as here, the commission's factual findings are supported by credible

evidence they will not be disturbed on appeal.  Based upon these findings, the commission did not err in granting claimant's request for a new panel of physicians.

For these reasons, we affirm the commission's decision.

Affirmed.