COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


ROBERT L. BROWN, SR.

                                        MEMORANDUM OPINION[*]
v.   Record No. 2051-98-2                    PER CURIAM
                                        FEBRUARY 16, 1999
STEVEN W. JETT GENERAL CONTRACTOR
 AND PENNSYLVANIA NATIONAL SECURITY
 INSURANCE COMPANY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                 (Robert L. Flax; Flax, Billy & Stout, on
                 briefs), for appellant.

                 (Donna White Kearney; Taylor & Walker, on
                 brief), for appellees.


     Robert L. Brown, Sr. ("claimant") contends that the Workers'

Compensation Commission ("commission") abused its discretion in

denying his request for a change in treating physicians from

Dr. E. Claiborne Irby, Jr.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Whether a treating physician has released or abandoned his

patient generally is determined by the express intent of the

physician.  In some cases, the total circumstances must be

--------
     [*]Pursuant to Code § 17-1.413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

analyzed in order to determine whether discharge, release, or abandonment of the patient was intended.  This determination is a factual one which must be proved by clear and convincing evidence.  See Jensen Press v. Ale, 1 Va. App. 153, 157, 336 S.E.2d 522, 524 (1985).

In denying claimant's request for a change in treating physicians, the commission held that Dr. Irby's treatment and management of claimant's chronic condition was not inadequate, ineffective, unconventional, or excessive, and that it did not conflict with applicable standards of care.  In so ruling, the commission found as follows:

> Dr. Irby stands ready to provide conservative treatment for any aggravations to claimant's condition and has provided conservative treatment for claimant's chronic back condition. . . .  Surgery is not a viable option for the claimant, and all the physicians indicate the claimant's condition is chronic and no further diagnostic studies are needed. . . .
> Claimant complains that his back condition is exacerbated by the long trips to Dr. Irby's office, a trip that Dr. Irby has authorized by approving the claimant to drive for an hour and then rest and stretch for brief periods.  While we acknowledge that the trips may not be pain free, unfortunately given the chronic nature of claimant's condition, claimant will probably not be free of pain.  Additionally, there is no evidence that the trips are medically detrimental to the claimant.
> Dr. Irby is a specialist in orthopedics and was requested by the claimant.  The ninety-three mile distance to his office, while not short, is not unreasonable given the need for claimant to be monitored and treated for a chronic condition.  We find no merit in claimant's contention that setting up appointments with Dr. Irby is unduly

difficult. The record reveals that Dr. Irby's office has taken care to reschedule missed appointments in a timely fashion. Finally, there is nothing in the record to justify the assertion that claimant is in need of narcotics for effective pain control.

The commission's factual findings are amply supported by the medical records and, therefore, will not be disturbed on appeal. Because claimant failed to present any clear and convincing evidence of abandonment or inadequate treatment by Dr. Irby, we cannot find as a matter of law that the commission erred in denying claimant's request for a change in treating physicians.

For these reasons, we affirm the commission's decision.[1]

<u>Affirmed</u>.

---

[1]Appellee filed a "Motion to Exclude Appellant's Reply Brief." We deny that motion.