COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Senior Judge Hodges


WILLIAMS EQUIPMENT CORPORATION AND
 LUMBERMEN'S UNDERWRITING ALLIANCE
                                    MEMORANDUM OPINION*
v.    Record No. 3345-01-3                 PER CURIAM
                                         APRIL 16, 2002
DONALD LINTON REGISTER


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Douglas A. Seymour; Siciliano, Ellis, Dyer &
              Boccarosse, on brief), for appellants.

              (George L. Townsend; Chandler, Franklin &
              O'Bryan, on brief), for appellee.


     Williams Equipment Corporation and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in (1) finding that Donald L. Register

(claimant) proved that the surgeries, tests, and physical

therapy prescribed by Dr. John Biddulph were medically

reasonable and necessary; and (2) awarding claimant attorneys'

fees as a result of its finding that employer's defense as to

pre-authorization did not have a reasonable basis.  Upon

reviewing the record and the parties' briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the commission's decision.  Rule 5A:27.

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that claimant proved that his treatment, tests, surgeries, and physical therapy were reasonable, necessary, and causally related to his compensable March 13, 2000 injury by accident, the commission found as follow:

> Dr. Biddulph's reports establish that the treatment provided by him and his designees was both reasonable and necessary and causally related to the compensable injury. As noted by the Deputy Commissioner, the June 8, 2000 surgery; the October 17, 2000, follow-up surgery; the December 12, 2000, left shoulder surgery; the follow-up physical therapy sessions; the anesthesia; and the August 2000 MRI were all necessary, reasonable, and causally related. The medical evidence presented which questions the reasonableness, necessity, and causal relationship of the treatment to the compensable injury is the opinion of Dr. [Anthony] Debs. We attribute greater weight to the treating physician's opinion.

Dr. Biddulph's reports and opinions provide credible evidence to support the commission's findings. As fact finder, the commission was entitled to accept the opinions of the treating physician, Dr. Biddulph, and reject the contrary

opinions of the independent medical examiner, Dr. Debs.
"Questions raised by conflicting medical opinions must be
decided by the commission." Penley v. Island Creek Coal Co., 8
Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Because credible
evidence supports the commission's findings, we will not disturb
them on appeal.

II.

Code § 65.2-713 provides that if the commission finds that
an employer or insurer has brought or defended a proceeding
without reasonable grounds, it may assess costs, including a
reasonable attorney's fee. Whether to award attorney's fees and
costs against an employer who has defended a proceeding without
reasonable grounds is within the sound discretion of the
commission. See Jensen Press v. Ale, 1 Va. App. 153, 159, 336
S.E.2d 522, 525 (1985).

Employer denied payment of the medical bills at issue,
contending that the surgeries and treatment were not
pre-authorized. Employer took this position in its position
statement filed with the deputy commissioner. Clearly, the
Workers' Compensation Act did not require claimant to obtain
pre-authorization from employer to undergo treatment by
Dr. Biddulph. Accordingly, the commission did not abuse its
discretion in awarding claimant attorney's fees pursuant to Code

§ 65.2-713, due to employer's denial of payment based on the defense that the procedures had not been pre-authorized.[1]

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

---

[1] We note that the commission awarded claimant a portion of the attorney's fees, $1,000, but declined to award him the remaining $1,000, based upon its finding that employer's defense as to responsibility for the surgeries had a reasonable basis, but the defense as to pre-authorization did not.