COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judge Chaney and Senior Judge Humphreys
Argued at Richmond, Virginia


HENRICO COUNTY PUBLIC SCHOOLS, ET AL.

                                      MEMORANDUM OPINION[*] BY
v.       Record No. 0635-24-2             JUDGE VERNIDA R. CHANEY
                                           MARCH 18, 2025

TONYA MACK


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

     Brian J. McNamara (Scott C. Ford; Peter J. Leyh; Ford Richardson,
     P.C., on briefs), for appellants.

     Corey R. Pollard (Jenkins, Block, & Associates P.C., on brief) for
     appellee.


Henrico County Public Schools (employer) challenges the Workers' Compensation

Commission's finding that Tonya Mack's functional capacity evaluation (FCE) was "necessary

medical attention" under Code § 65.2-603(A)(1). Employer reasons that Mack's FCE was not

"necessary medical attention" because it was "for the sole purpose of obtaining a permanency

rating" to establish her entitlement to benefits under the Act. In employer's view, requiring it to

pay for such an FCE improperly shifts claimants' litigation expenses onto employers. The

record, however, demonstrates that Mack's FCE was not obtained for the sole purpose of

obtaining a permanency rating. Rather, it was a diagnostic medical test that her treating

physician ordered while treating lingering issues related to Mack's compensable injury. Thus,

this Court affirms the Commission's judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

Mack suffered a compensable injury by accident to her right knee, left wrist, and a finger on her left hand while working for employer and filed a claim seeking benefits. The deputy commissioner awarded Mack temporary total disability benefits and a lifetime medical award under Code § 65.2-603(A).

Through 2021, Dr. William Beach treated Mack's compensable injuries; he performed surgery on her right knee, evaluated her at six follow-up appointments, and ordered a course of formal physical therapy and a home exercise program. In November 2021, Dr. Beach concluded that Mack had reached maximum medical improvement and instructed Mack to follow-up as needed. In May 2023, Mack sought authorization for a follow-up appointment with Dr. Beach because she was experiencing intermittent pain and swelling in her right knee. Employer authorized the appointment. During the appointment, Dr. Beach and Mack discussed her "ongoing right knee pain" that "[u]nfortunately" persisted despite the prior surgery and treatment. Dr. Beach created an "assessment and plan developed based on review of pertinent history, physical exam, labs, studies, and medications." The plan included rest, avoiding certain activities, physical therapy, and strengthening and stretching exercises. Dr. Beach also ordered an FCE and instructed Mack to return after her FCE "for reevaluation and further discussion."

Mack then sought authorization and payment for the FCE. Employer denied her claim, stating that the "initial bill . . . [was] paid." Employer reasoned that the FCE was not diagnostic in nature and that the sole purpose for the FCE was to support Mack's claim for benefits. After a hearing, the deputy commissioner ordered employer to "pay for authorization of the [FCE]."

---

[1] On appeal from the Commission, we consider the evidence and all reasonable inferences in the light most favorable to the prevailing party below, here the employee, Mack. *Jalloh v. Rodgers*, 77 Va. App. 195, 200 n.2 (2023) (quoting *City of Charlottesville v. Sclafani*, 70 Va. App. 613, 616 (2019)).

On review before the full Workers' Compensation Commission, a split Commission affirmed the deputy commissioner's judgment. Citing *Elliott v. Sam Green Vault Corp.*, JCN VA00001108316 (Oct. 5, 2021), the majority found that an FCE is "commonly ordered by a treating doctor [and] can serve several useful functions" including providing a "physician with a basis for informed recommendations regarding work and activity limits . . . and more accurately diagnosing the nature of an appropriate treatment for the residual injury." The Commission disagreed with employer's argument that the FCE had no diagnostic use in Mack's case, reasoning that the test could inform Dr. Beach of the risks of the "further deterioration or aggravation of [her] condition." Further, the Commission found that even if the FCE was not diagnostic, it would still "hold the [employer] responsible for an FCE for the sole purpose of an impairment rating [because] it serves the interests of all parties, including [employer]." Because an employer can withhold benefits from a claimant who refuses an FCE designed to determine "injury-related physical restrictions," the Commission declined to impose an "inequitable" double standard by holding that an FCE was not compensable when used to ascertain "the amount of compensation due for [a] permanent injury."[2] Employer timely appeals the Commission's ruling.

ANALYSIS

On appeal, employer argues that, before 2021, the longstanding standard in Virginia was "that an FCE rendered solely for the purpose of providing an impairment rating was not 'necessary medical treatment'" under Code § 65.2-603(A)(1). That standard, according to employer, was well-founded, as it is not the employer's responsibility to reimburse an employee

---

[2] The dissenting commissioner agreed with employer that an FCE for the sole purpose of obtaining an impairment rating is not "necessary medical attention." In his view, the full Commission had "abandon[ed] longstanding, logical case precedent" when deciding *Elliott*, which took "a too expansive view of the benefits afforded under [the Act]."

for a permanency rating evaluation if the purpose "is not related to treatment but to support the claimant's claim for additional benefits under the Act." Acknowledging that the Act does not define "necessary medical attention," employer urges this Court to limit the phrase to treatment that "advances the claimant's [medical] recovery." Employer argues that, in its view, this definition excludes Mack's FCE, which employer argues is more accurately characterized as a cost of litigating her compensation claim.

"We have an 'obligation to decide cases on the best and narrowest grounds available.'" *Theologis v. Weiler*, 76 Va. App. 596, 603 (2023) (quoting *Esposito v. Va. State Police*, 74 Va. App. 130, 134 (2022)). "The 'best' answer to a legal question is the one with which the least number of jurists would disagree . . . ." *Butcher v. Commonwealth*, 298 Va. 392, 396 (2020). "The 'narrowest' answer to a legal question is the one affecting the least number of cases." *Id.* Here, the record demonstrates that Mack's FCE was a necessary diagnostic and therapeutic test that Dr. Beach ordered to evaluate and treat lingering issues related to Mack's compensable knee injuries. Thus, this Court affirms the Commission's judgment that the FCE was compensable without addressing the broader legal question of whether an FCE will always be "necessary medical attention" under Code § 65.2-603(A)(1).

"As long as necessary after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee . . . necessary medical attention." Code § 65.2-603(A)(1). "Whether disputed medical treatment is compensable as 'other necessary medical attention' within the definition of Code § 65.2-603 presents a mixed question of law and fact, which this Court reviews *de novo*." *Cumberland Hosp. v. Ross*, 70 Va. App. 761, 766 (2019) (quoting *Haftsavar v. All Am. Carpet & Rugs, Inc.*, 59 Va. App. 593, 599 (2012)). "As with all such mixed questions, we review the factual findings underpinning the Commission's legal conclusions with great deference." *Yahner v. Fire-X Corp.*, 70 Va. App. 265, 274 (2019).

The Commission's factual findings will be binding if they are supported by credible evidence. *Loudoun Cnty. v. Richardson*, 70 Va. App. 169, 175 (2019).

Code § 65.2-603 "should be construed liberally in favor of a claimant, in harmony with the Act's humane purpose." *Herbert Clements & Sons, Inc. v. Harris*, 52 Va. App. 447, 457 (2008) (quoting *Papco Oil Co. v. Farr*, 26 Va. App. 66, 74 (1997)). Consistent with that remedial purpose, "The [C]ommission has consistently interpreted 'necessary medical attention' to include reasonable and necessary diagnostic procedures, even though ultimate causation of the condition has not been firmly established and even if the procedures reveal that the condition is not in fact related to the compensable injury." *Id.* Indeed, "medical management of the claimant is to be directed by the treating physician, not by an employer's representative," *Jensen Press v. Ale*, 1 Va. App. 153, 158 (1985), and that management may include the use of diagnostic tests necessary to evaluate and treat a claimant's injuries.

Generally, an employer will be liable for a diagnostic procedure ordered "to determine (1) whether the claimant's condition is causally related to his compensable injury; (2) the extent of the injury resulting from an industrial accident; and (3) whether the claimant requires additional medical treatment for the injury." *Herbert*, 52 Va. App. at 457. "An employer's responsibility for a diagnostic procedure is contingent upon a showing that the procedure is reasonable and necessary, the approved treating physician has authorized the procedure, and the medical records indicate a possible causal connection between the claimant's condition and compensable injury." *Id.* (footnote omitted). "It is the claimant's burden to prove that a possible causal relationship exists and that the treating physician has authorized the diagnostic procedure for which the claimant seeks payment by the employer." *Id.* at 457-58. "The 'reasonable and necessary' element is proven by a showing that the diagnostic procedure was recommended by the claimant's approved treating physician." *Id.* at 458.

- 5 -

As employer admits on brief, an FCE is often a critical diagnostic test that can be used "to prevent aggravation or deterioration of a compensable work injury" or "allow[] for maximum healing." Indeed, employer aptly notes that when so used, an FCE is "a necessary diagnostic test." The Commission found that such is the case here. Mack returned to Dr. Beach to address "ongoing" knee issues that "[u]nfortunately" persisted despite the prior surgery and treatment. As shown by the medical records, Dr. Beach created an "assessment and plan developed based on review of pertinent history, physical exam, labs, studies, and medications." The plan included rest, avoiding certain activities, physical therapy, and strengthening and stretching exercises. Moreover, although Dr. Beach continued Mack on her "current work status," he also ordered an FCE and instructed Mack to return afterward "for reevaluation and further discussion.

Dr. Beach's notes and treatment plan belie employer's insistence that the FCE provided no "medical benefit" to Mack. Rather, Dr. Beach ordered the test to accurately diagnose the extent of Mack's ongoing issues, to allow for maximum healing, and determine whether her work restrictions should be amended to prevent aggravation or deterioration of the compensable injury. Indeed, Dr. Beach explicitly ordered Mack to return for a follow-up appointment following the test, where her knee would be further evaluated and the treatment plan further developed. Thus the record amply supports the Commission's finding that "[n]ecessary to the establishment of physical restrictions is comprehension of how an injury translates into a permanent loss of function." The record demonstrates that Dr. Beach, at least in part, used the diagnostic test for Mack's treatment and that the test was reasonable and necessary. *See Herbert*, 52 Va. App. at 457.

CONCLUSION

For the above reasons, this Court affirms the Commission's judgment.

*Affirmed.*

- 6 -